UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN PFEIFFER,<br><br>Defendant. | 1:21-cv-00724 NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I. BACKGROUND

Matthew A. Lawrie ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2021, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.) On April 30, 2021, the case was transferred to this court. (ECF No. 4.) Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, nor paid the $402.00 filing fee for this action.

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g), and is thus precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records

reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, as follow:

1) **Lawrie v. State of California, et al.**, Civil Case No. 1:11-cv-00471-DLB-PC (E.D. Cal. July 28, 2011 Order dismissing action for failure to state a claim) (strike one);

2) **Lawrie v. State of California, et al.**, Civil Case No. 1:11-cv-00551-LJO-GSA-PC (E.D. Cal. August 19, 2011 Order of dismissal as frivolous, malicious, and for failure to state a claim) (strike two);

3) **Lawrie v. Vargas, et al.**, Civil Case No. 3:11-cv-02081-H-BLM (S.D. Cal. October 18, 2011 Order of dismissal for failure to state a claim) (strike three);

4) **Lawrie v. Allison, et al.**, Civil Case No. 1:11-cv-00947-BAM (E.D. Cal. February 8, 2012 Order of dismissal for failure to state a claim) (strike four);

5) **Lawrie v. Allison, et al.**, Civil Case No. 1:11-cv-01821-GSA-PC (E.D. Cal. October 26, 2012 Order of dismissal for failure to state a claim) (strike five); and

6) **Lawrie v. State of California, et al.**, Civil Case No. 1:13-cv-00443-SKO (PC) (E.D. Cal. January 13, 2014 Order of dismissal for failure to state a claim) (strike six).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where

"time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint in this action and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053. In the Complaint Plaintiff alleges that Defendant, Christian Pfeiffer, and his employees refused to remove him from General Population after an interview where he was forced to "plead his case" of why he was in danger. (ECF No. 1 at 5.) After this action by Defendant's staff, Plaintiff was physically forced, under Defendant's direction, in hand cuffs back to his cell #D-4 where enemies were housed living nearby. Plaintiff alleges that he named individuals and disclosed confidential information to Defendant's staff and is now subject to danger because Defendant's staff has divulged the confidential information in part to the same inmates to create further danger to Plaintiff as part of a scheme to cause cruel and unusual punishment to Plaintiff, deny his basic rights and block access to the law library. Plaintiff seeks to be removed from Kern Valley State Prison's D-yard and KVSP in total.

Plaintiff has not described a real and proximate threat of injury by anyone. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical, and Plaintiff has not alleged facts showing a real, present threat. Plaintiff's fears of possible injury do not show that he was under imminent danger of serious physical injury at the time he filed his Complaint. Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* in this action and must submit the appropriate filing fee in order to proceed with this action.

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be denied leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be required to submit the $402.00 filing fee for this case in full within thirty days.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 6, 2021**          **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE