# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Defendant. | No. 1:21-cv-00724 NONE-GSA-PC<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM MOTION TO PROCEED IN FORMA PAUPERIS</u><br><br>(Doc. No. 9) |

Plaintiff Matthew A. Lawrie is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in the United States District Court for the Central District of California on April 22, 2021. (Doc. No. 1.) The following day, the clerk of that court notified plaintiff that he had failed to pay the required filing fee or to file a motion to proceed *in forma pauperis*. (Doc. No. 2.) On April 30, 2021, the Central District of California transferred the case to this district. (Doc. No. 4.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2021, the assigned magistrate judge entered findings and recommendations, finding that plaintiff had suffered three prior strike dismissals of cases he has previously brought and that he had failed to allege that he was in imminent danger at the time his complaint in this

1

action was filed.  (Doc. No. 8.)  Therefore, it was recommended that plaintiff be denied leave to proceed *in forma pauperis* with this action and that he instead be required to pay the $402 filing fee in full within thirty days.  (*Id.* at 4.)  Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were due to be filed within fourteen days.  (*Id.* at 5.)  Plaintiff filed timely objections on May 17, 2021.  (Doc. No. 10.)

Plaintiff objects to the findings and recommendations on the ground that he did adequately allege in his complaint that he was under an imminent threat of serious physical injury and therefore should be permitted to proceed *in forma pauperis*.  (*Id.*)

Prisoners who have accumulated three "strikes" in their civil actions may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Courts liberally construe *pro se* plaintiffs' allegations in determining whether a prisoner plausibly alleged he is in imminent danger of serious physical injury.  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  A danger may be imminent if it is ongoing:  "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."  *Id.* at 1056–57.  Moreover, the Ninth Circuit has instructed that district courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception[.]"  *Id.* at 1055.

The Ninth Circuit in *Andrews* relied in part upon the decision in *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003), in which that court stated the § 1915(g) exception applies where there are "specific allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Andrews*, 493 F.3d at 1056.  On the other hand, however, " '[v]ague and utterly conclusory assertions' of harm are insufficient."  *Ellington v. Clark*, No. 1:10-cv-01944-AWI-MJS (PC), 2012 WL 466730, at *2 (E.D. Cal. Feb. 13, 2012) (quoting *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

In his complaint plaintiff alleged as follows in this regard.  He is assigned to the general population of the D-Yard of Kern Valley State Prison.  Over the past three years, he has been poisoned three times and hospitalized twice.  Plaintiff is being threatened by individuals who are

2

extorting him for "E.I.P. money" (presumably, his Economic Impact Payment) because plaintiff is not affiliated with any gang. (Doc. No. 1 at 1.) On April 16, 2021, plaintiff was interviewed about his request to be removed from D yard "due to threats of violence and further danger." (*Id.*) Plaintiff's request was denied, and he was brought back to his cell, which is located near those of his enemies. (*Id.* at 5.) Plaintiff also "named individuals and disclosed confidential information" to defendant's staff and is now subject to the risk of harm because the staff divulged that confidential information to those inmates. (*Id.* at 5.)

The undersigned finds plaintiff's case to be somewhat comparable to that presented in *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), a case which the Ninth Circuit also cited favorably in *Andrews*. 493 F.3d at 1056. In *Ashley*, the plaintiff had notified prison officials in 1993 that he had been placed near inmates that appeared on his enemies list. In July 1996, Ashley was again placed near an enemy and was subsequently attacked with a screwdriver. In May and June 1997, the plaintiff was twice more attacked by his enemy. Attached to the plaintiff's complaint was documentary evidence including prison disciplinary reports. The plaintiff's allegations there were found to satisfy the ongoing danger exception under § 1915(g). *Ashley,* 147 F.3d at 717. Likewise, here, plaintiff alleges that he has been assigned housing near his enemies, who have a history of attacking him; that he has notified prison officials of the danger he is in as a result; and that prison officials failed to act.

Plaintiff's allegations are certainly less specific than those which were advanced in *Ashley.* Nonetheless, plaintiff has alleged the who (prison gang members), what (threats of violence), where (D-yard), when (the time the complaint was filed) and why (to obtain money from plaintiff). Plaintiff is least specific in his complaint with respect to the "what" and "when." His "what" allegations—that he is being threatened with violence—do not describe what type of violence he faces. However, plaintiff also alleges that he has been sent to the hospital twice in the past. It is certainly plausible that violent inmates do not tell their enemies what type of violence to expect if their demands are not complied with. Plaintiff further alleges that prison officials advised him to stay in his cell, at least suggesting that the threats of violence are serious in nature. Plaintiff's "when" allegations are the least clear. He does not specifically allege when other

| | |
|---|---|
| 1 | prisoners threatened him or if they gave him a deadline for complying with their demands. |
| 2 | However, again, plaintiff does allege that prison officials told him to stay in his cell days before |
| 3 | he filed his complaint, indicating that the threats were current at the time the complaint in this |
| 4 | action was filed and were serious in nature. The undersigned finds this to be a somewhat close |
| 5 | case with respect to whether the allegations of plaintiff's complaint are sufficient to satisfy the |
| 6 | imminent danger exception under § 1915(g). Nonetheless, heeding the Ninth Circuit's instruction |
| 7 | that district courts "not make an overly detailed inquiry into whether the allegations qualify for |
| 8 | the exception[,]" the court concludes that plaintiff's allegations are sufficient in that regard. |
| 9 | *Andrews*, 493 F.3d at 1055. |

Plaintiff has not, however, filed a motion to proceed *in forma pauperis*. Plaintiff states in his objections that he cannot obtain an application due to the coronavirus pandemic. (Doc. No. 10.) The court will therefore direct the Clerk of the Court to provide plaintiff with a copy of a motion to proceed *in forma pauperis*.

Accordingly,

1. The court declines to adopt the findings and recommendations entered on May 6, 2021 (Doc. No. 8);
2. The court finds the allegations of the complaint sufficient to satisfy the imminent danger exception under 28 U.S.C. § 1915(g);
3. The Clerk of the Court is directed to provide plaintiff with a copy of a form motion to proceed *in forma pauperis*;
4. Plaintiff shall pay the required filing fee or file a motion to proceed *in forma pauperis* within 30 days of the date of service of this order; and
5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 28, 2021**

_____
UNITED STATES DISTRICT JUDGE