UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>  Plaintiff,<br><br>vs.<br><br>CHRISTIAN PFEIFFER,<br><br>  Defendant. | **1:21-cv-00724 NONE-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(ECF No. 14.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.    BACKGROUND**

Matthew A. Lawrie ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2021, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.)  On April 30, 2021, the case was transferred to this court. (ECF No. 4.)  On July 29, 2021, Plaintiff filed a request to be transferred to another prison.  The Court construes this request as a motion for preliminary injunctive relief.

**II.   PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura,

1

876 F.3d 1214, 1227 (9th Cir. 2017) (same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969. The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

Also, federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff wishes to be transferred to another prison because of adverse conditions of confinement at Kern Valley State Prison where he is presently incarcerated. Plaintiff alleges that his water has been turned off and barely dribbles out, reducing his ability to stay properly hydrated during heat waves. Plaintiff also alleges that his sink is clogged through no fault of his own and forces him to use other methods to clean himself, such as toilet water. He also complains that a foul stench is seeping up from the sink. He has notified authorities, but nothing has been done. Plaintiff fears this is retaliation for filing this case and he requests transfer to a different state institution.

///

By separate order issued on April 25, 2022, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to file an amended complaint that will supersede the original Complaint. (ECF No. 25.) Plaintiff was granted thirty days in which to file the First Amended Complaint. (Id.) Therefore, at this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Accordingly, Plaintiff's motion for preliminary injunctive relief should be denied.

## V.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on July 29, 2021, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2022**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE