UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>          Plaintiff,<br><br>     vs.<br><br>CHRISTIAN PFEIFFER,<br><br>          Defendant. | **1:21-cv-00724 DAD-GSA-PC**<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION**<br>**(ECF No. 24.)** |

**I.     BACKGROUND**

Matthew A. Lawrie ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2021, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.)  On April 30, 2021, the case was transferred to this court. (ECF No. 4.)

1

On March 14, 2022, Plaintiff filed a motion in which he made multiple requests, which are addressed below. (ECF No. 24.)

## II.     REQUEST FOR PRETRIAL AND TRIAL DATES

Plaintiff requests a hearing to set out pretrial and trial dates for this case, however Plaintiff's request is premature. It too early to prepare for trial in this case as Plaintiff's Complaint has been dismissed for failure to state a claim, with leave to amend, and none of the defendants have appeared in this case. Therefore, Plaintiff's request shall be denied.

## III.     REQUEST FOR TRANSFER

Plaintiff requests a transfer to Mule Creek State Prison. Plaintiff's request for transfer was addressed by the Court in the findings and recommendations issued on April 26, 2022. (ECF No. 27.) Pursuant to the findings and recommendations, Plaintiff may file objections within fourteen days.

## IV.     EARLY NEUTRAL EVALUATION CONFERENCE

Plaintiff requests an early neutral evaluation conference to determine if this case can be settled. Because none of the defendants have appeared in this case it is too early to schedule a settlement conference. This request shall be denied without prejudice.

## V.     REQUEST FOR DECLARATORY RELIEF

Plaintiff requests declaratory relief against defendant Pfeiffer. In light of the fact that Plaintiff's Complaint against defendant Pfeiffer was dismissed on April 25, 2022 for failure to state a claim with leave to amend, Plaintiff's request for declaratory relief against Defendant Pfeiffer is moot at this stage of the proceedings and shall be denied as such.

## VI.     DISCRIMINATION CLAIM

Plaintiff alleges that he was discriminated against by KVSP supervisors T. Redmon and Vargas on December 29, 2021, when they made false statements in documents (Classification Committee Chrono), which increased the risk that Plaintiff will be harmed and affected his ability to be found suitable for parole at his April 4, 2023 EPED (Elderly Parole Eligibility Date) hearing. Plaintiff requests an order removing and rewriting the December 29, 2021 Chrono.

///

Plaintiff's claim for discrimination cannot be addressed in this case. First, the events in this claim allegedly took place on December 29, 2021, which is after the present case was filed, and Plaintiff has not been granted leave to add allegations of events occurring after the initiation of this suit on April 22, 2021. Moreover, the claim for discrimination is an unrelated claim that cannot be brought in the present case, pursuant to Rule 18 of the Federal Rules of Civil Procedure. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Therefore, if Plaintiff decides to bring his claim for discrimination against KVSP supervisors T. Redmon and Vargas, he will need to file a new case. Thus, Plaintiff's request for an order removing and rewriting the December 29, 2021 Chrono, is denied

**VII.    CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for a hearing to set out pretrial and trial dates for this case is denied;

2. Plaintiff's request for a transfer to Mule Creek State Prison was addressed by the Court in the findings and recommendations issued on April 26, 2022, and pursuant to the findings and recommendations, Plaintiff may file objections in the next fourteen days, if he so wishes;

3. Plaintiff's request for an early neutral evaluation conference is denied, without prejudice;

4. Plaintiff's request for declaratory relief against defendant Pfeiffer is denied as moot; and

5. Plaintiff's request for an order in this case removing and rewriting Plaintiff's December 29, 2021 Chrono is denied.

IT IS SO ORDERED.

Dated: **April 27, 2022**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE