UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Defendant. | No. 1:21-cv-00724 KES GSA (PC)<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 36 at 1)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 36 at 1) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is at the screening phase of the proceedings.

Before this Court is Plaintiff's motion for leave to file an amended complaint. ECF No. 36. Within the motion is a request for the appointment of counsel. Plaintiff has also simultaneously lodged a second amended complaint ("SAC"). ECF No. 37. For the reasons stated below, both motions will be denied.

I.　　MOTION TO AMEND COMPLAINT

　　A. Plaintiff's Argument in Support

In the support of Plaintiff's motion to amend, he cites to Federal Rule of Civil Procedure

1

1 15(a) which permits him to amend the complaint and states that the Court should freely grant
2 leave to do so.  ECF No. 36 at 1.  He also asserts that he has now determined the names of the
3 Defendants in this action.  Id.

     B. Applicable Law and Analysis

5   To begin, the Court find finds that the **original** complaint and the lodged second amended
6 complaint ("SAC") raise different claims. Plaintiff, in his **original** complaint, essentially
7 complained of: 1-  not being removed from Kern Valley State (KVSP) prison's general
8 population which Plaintiff alleged put him in danger from other general population inmates due to
9 his disclosure of confidential information to prison staff, 2- that he had been poisoned three times
10 and hospitalized twice, 3- that he was removed from D yard and forced while in hand cuffs into
11 his cell and told not to come out, 4- that as a result of being [confined] in his cell he was not
12 afforded showers, yard time, law library access and telephones, 5- that Defendant should have
13 placed him in non disciplinary segregation, and 6-that as result of the aforementioned  he requests
14 injunctive   relief to be removed from KVSP D-yard or from KVSP.

15   The lodged SAC names Warden Pfeiffer and  multiple correctional officers and essentially
16 alleges: 1- that on Nov. 14, 2018 he suffered an incident of excessive force [followed] by the
17 filing of false reports and fraud, 2-  that the excessive force event caused Plaintiff sever injury, 3-
18 that he was denied medical care following this event, 4- that he eventually received shoulder
19 surgery on Nov. 14, 2019, 5- that when he complained they poisoned him twice causing
20 hospitalization.  See ECF No. 37 at 3-6.  He requests for these incidents both injunctive relief and
21 monetary damages.

22   Importantly, the allegations contained in the SAC clearly change not only the **nature** of
23 the original complaint,  but are in violation of Fed. Rule of Civil Procedure 20 as it adds
24 **unrelated** claims.

25   This type of amending of claims and/or joining of parties is prohibited.  "Unrelated claims
26 against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th
27 Cir. 2007); see also Fed. R. Civ. P. 20(a)(2)(A) (stating defendants may only be joined in one
28 action if claims arise from "same transaction, occurrence, or series of transactions or

1  occurrences"). A plaintiff may not change the **nature** of a suit by alleging new, **unrelated**

2  claims. George, 507 F.3d at 607.   In addition, in the Court's screening order of the original

3  complaint Plaintiff was instructed that the Court's granting him an opportunity to amend was

4  NOT for the purpose of adding new defendants for unrelated claims, nor to add allegations of

5  events occurring after the initiation of this suit on April 22, 2021.  See, ECF No. 25, pg 15.

6      For these reasons, a grant of leave to amend is not warranted in this case.  See generally

7  Fed. R. Civ. P. 15(a)(2) (stating leave to amend should be freely given when justice requires).

8  Thus, Plaintiff's motion for leave to amend will be denied.

9      II.     MOTION FOR THE APPOINTMENT OF COUNSEL

10     In support of Plaintiff's motion for the appointment of counsel, Plaintiff states that he is

11 unable to afford counsel; the issues in this case are complex, and he has a limited knowledge of

12 the law.  ECF No. 36 at 1.  This is Plaintiff's second request for the appointment of counsel.  See

13 ECF No. 17.

14     District courts lack authority to require counsel to represent indigent prisoners in section

15 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

16 circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

17 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

18 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

19     When determining whether "exceptional circumstances" exist, the court must consider

20 plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

21 claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

22 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

23 The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

24 common to most prisoners, such as lack of legal education and limited law library access, do not

25 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

26     Given these facts, Plaintiff's assertions in support of his request for the appointment of

27 counsel are not persuasive.  Therefore, having considered the factors under Palmer, the Court

28 finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances

warranting the appointment of counsel at this time, and as a result this part of the motion will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 36 at 1) is DENIED, and

2. Plaintiff's motion for the appointment of counsel (ECF No. 36 at 1) is DENIED.

**The Court will screen Plaintiff's first amended complaint in due course.**

IT IS SO ORDERED.

Dated:   **October 13, 2024**                         **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE