UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>            Defendant. | No.  1:21-cv-00724 KES GSA (PC)<br><br>SCREENING ORDER (FIRST AMENDED COMPLAINT)<br><br>(ECF No. 31)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>PLAINTIFF'S AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's first amended complaint ("FAC").  ECF No. 31.  For the reasons stated below, Plaintiff will be given a <u>final</u> opportunity to file an amended complaint that successfully states a cognizable claim.  He will be given thirty days to do so.

I.     FIRST AMENDED COMPLAINT

    A.  <u>Facts Alleged and Harm Caused</u>

Plaintiff, currently an inmate at Mule Creek State Prison ("MCSP"), names Christian Pfeiffer, the Warden at Kern Valley State Prison ("KVSP"), as the sole defendant in this action.

1

1  ECF No. 31 at 1-2.  In it are two Claims, both of which are so bereft of factual support concerning
2  Defendant Pfeiffer that the Court is left unable to determine just how Defendant Pfeiffer is
3  allegedly responsible for either of them.

4  In **Claim One**, Plaintiff contends that while at KVSP, he was denied medical care, access
5  to courts, due process, free speech, freedom of religion, and freedom from cruel and unusual
6  punishment.  Id. at 3 (Claim One – Plaintiff underlining rights violated on civil rights form and
7  stating "see the underlined areas violated please").  In support of this claim Plaintiff, with little or
8  no explanation, alleges: 1- that he was apparently prevented from pursuing a workers
9  compensation claim, 2- that in 2019 he was injured by staff and needed surgery, 3-that he was a
10  victim of excessive force, 3- that he has experienced continual prejudice, and 4- suffered other
11  harms including staff falsely reporting a fight with a cellmate which prejudiced Plaintiff at a
12  classification hearing at KVSP, and later were  used to "block  parole 4/4/23" .

13  In **Claim two**- Plaintiff underlines the following as the claimed constitutional violations,
14  access to courts and due process.  He states that he is now housed at Mule Creek State Prison and
15  that at this prison he has suffered the following constitutional violations: 1-he is blocked from
16  access to courts because of lack of access to the law library, denied legal paging for court forms,
17  copies, "etc", 2- that  the more he exercises his rights to due process and access to courts the more
18  he is blocked from programs for parole suitability and jobs,  and 3- the food he is provided at
19  MCSP is often rotten and uncooked. Importantly, Plaintiff does not explain how Defendant
20  Pfeiffer, who is the Warden at KVSP, is responsible for Constitutional violations allegedly
21  occurring at MCSP.  See ECF No. 31 at 3-4.

22          B.      <u>Remedy Sought</u>

23  Plaintiff asks for the following relief:  (1) the removal of false wording from all committee
24  reports that state "predatory behavior", (2) that he be allowed to use alternative dispute methods
25  on all cases, (3) that he be awarded monetary and punitive damages in the amount of
26  $1,000,000.00, or (4) that this matter be set for trial. ECF No. 31 at 5.  In further support of his
27  claims and requests for relief, Plaintiff has filed fifteen pages of attachments.  See id. at 6-20.

28          II.     <u>SCREENING REQUIREMENT</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. STANDARD OF REVIEW

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Linkage Requirement

In addition, under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## IV. DISCUSSION[1]

### A. Supervisor Liability

Liability under Section 1983 cannot be established solely on the theory of respondeat superior based on the unconstitutional conduct of subordinates. A supervisory official is liable under section 1983 only if 1-he or she is personally involved in the constitutional deprivation, or 2- there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See, Crowley v Bannister, 734 F.3d 967 (9th Cir. 2013). Under the latter theory, supervisory liability can be shown even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation. See, Hansen v Black, 885 F.3d 642 (9th Cir. 1989). Conclusionary allegations that a prison official knew or should have known about constitutional violations simply because of their general supervisory role is insufficient to state a claim. See, Sullivan v Biter, 2017 US Dist Lexis 65165.

---

[1] The Court notes for the record that Plaintiff clearly states in the original complaint that at the time he filed it, he had not exhausted his administrative remedies. See ECF No. 1 at 2. However, for various reasons, the Court will leave this issue to defendant(s) to raise should the complaint be served and the exhaustion question remains a valid one. See, e.g., Woodford v. Ngo, 548 U.S. 81, 101 (2006) (stating exhaustion not jurisdictional issue, thus allowing court to dismiss plainly meritless claims without first addressing exhaustion question).

In the Court's previous screening order of Plaintiff's **original** complaint, the Court found that Plaintiff had failed to state how Defendant Pfeiffer personally participated in the violations, failed to allege any causal connection between Defendant Pfeiffer and the alleged violation of Plaintiff's rights, and as such failed to allege any viable claims against Warden Pfeiffer. ECF No. 25 at 5. These same findings are equally applicable to the 1AC, and this is especially so regarding Claim 2 as it involves alleged constitutional violations occurring at Mule Creek State Prison where Defendant Pfeiffer has not been shown by Plaintiff to have ever been employed. Therefore, on the basis of a lack of showing by Plaintiff that Defendant Pfeiffer has supervisorial liability in either of his two Claims, he has not stated a viable claim and the 1AC cannot be served.

    B. Consideration of Rules 18(a) & 20 in anticipation of Plaintiff adding more Defendants to an amended complaint

Although Rule 18(a) permits a party to assert multiple claims against a single defendant, Rule 20 disallows the joinder of unrelated claims when asserted against different defendants. Rule 20's relevance here begins with a review of Plaintiff's **original** complaint wherein he states, "As to the staff's names, I did not get their names. I only know the Warden's name". In Plaintiff's lodged Second Amended Complaint (2AC), he names numerous correctional staff at KVSP as defendants, explaining in his motion for leave to file the lodged 2AC, that he only named Defendant Pfeiffer in the original complaint but that since then "plaintiff has determined that the correctly named defendant(s) are as follows...". The motion then proceeds to list multiple KVSP correctional staff. See, ECF Nos.1, 37 & 36, respectively.

Thus, given Plaintiff's intention to add more defendants to his complaint, the following discussion is appropriate.

     1. Because Plaintiff seeks to add more Defendants, Rule 20 is implicated

To begin, the main thrust of Plaintiff **original** complaint is that Defendant Pfeiffer failed to remove Plaintiff from "General Public" D-yard, which is unrelated to the claims he raises in the **FAC**. Compare ECF No. 1 at 1, 3, 5-6 (original complaint), with ECF No. 31 at 3-5 (FAC). Further, the two claims Plaintiff asserts in the 1AC appear unrelated to each other as they occur at different prisons.

In the **original** complaint, Plaintiff contends that on April 16, 2021, he was forced into his cell and told by staff to "stay in your cell and don't come out," resulting in him being locked in his cell and blocked from access to showers, yard, library and telephones. Plaintiff asserts that this was the result of a prison interview he had with prison staff where he was forced to "plead his case" on why he would be in danger if left in the prison's general population due to his disclosing "confidential information" which staff in turn divulged to other inmates. See ECF No. 1 at 5. Under the "Claims" section of the original complaint, Plaintiff alleges that the following rights of his have been violated: (1) his right to be free from cruel and unusual punishment; (2) his right to be free from risk of future harm (free from cruel and unusual punishment); (3) his right to equal protection stemming from Defendant failing to remove Plaintiff from the general population and place him in non-disciplinary segregation, and (4) his right to access to courts and law libraries. Id. at 5.

In sum, the gravamen of Plaintiff's **original** complaint that Defendant Pfeiffer "and his employees"[2] by their actions of not removing him from the prison's general population as he had requested, but instead ordering him to stay in his cell housed near his enemies causing him to be subjected to cruel and unusual punishment, has not been shown by Plaintiff to be related to the Claims in his 1AC.

    2.    Law & Analysis

"Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2)(A) (stating defendants may only be joined in one action if claims arise from "same transaction, occurrence, or series of transactions or occurrences"). This rule exists not only to prevent excessive claims and defendants in one case, but also to ensure that prisoners pay the required filing fees. See George, 507 F.3d at 607. A plaintiff may not change the nature of a suit by alleging new, unrelated claims. George, 507 F.3d at 607; UWM Student Assoc. v. Lovell, 868 F.3d 854, 863 (7th Cir. 2018) (citing George); Standley v. Montana, No. 22-35824, slip op at *1 (9th Cir. Mar. 25, 2024)

---

[2] In the original complaint, Plaintiff states that he "did not get [the staff's] names." ECF No. 1 at 5 (brackets added).

6

1 (citing George).

2 Because Plaintiff seeks to add more defendants to his complaint, he is instructed that if he
3 does, he may not include **unrelated** claims.  Plaintiff is also reminded  that when his original
4 complaint was screened by the Court and he was granted leave to amend, he was <u>specifically</u>
5 <u>instructed</u> that despite the fact that he was being given the opportunity to amend, it was NOT for
6 the purpose of adding new defendants for unrelated claims, and he was NOT to add allegations of
7 events occurring after the initiation of this "suit on April 22, 2021".  <u>See</u> ECF No. 25 at 15 (order
8 screening original complaint stating same).  An example of a disregard by Plaintiff of the latter
9 directive, Plaintiff alleged in the 1AC that he was prejudiced at BPH on July 20, 2022.

10 V.   <u>IN SUM</u>

11 For the reasons stated above, Plaintiff's FAC has failed to state any cognizable claim
12 against Defendant Pfeiffer, and as a result it cannot be served.  Plaintiff will however be given a
13 <u>final</u> opportunity to amend the complaint and he has thirty days in which to do so. See, 28 U.S.C.
14 1915A(a)(2).

15 VI.   <u>LEAVE TO AMEND</u>

16 If Plaintiff chooses to file an amended complaint, it will take the place of the original
17 complaint.  <u>See</u> <u>Lacey v. Maricopa</u> <u>Cty.</u>, 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint
18 supersedes original).  Any amended complaint should observe the following.

19 An amended complaint must identify as a defendant only persons who personally
20 participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson</u>
21 <u>v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
22 constitutional right if he does an act, participates in another's act or omits to perform an act he is
23 legally required to do that causes the alleged deprivation).

24 **Plaintiff is advised that the amended complaint should** 1- set forth only claims which
25 you believe you can factually establish, 2- set for forth each claim under a separate heading
26 using the Claim form you will be provided by the Court, 2- include sufficient  facts under each
27 claim which support a violation of that specific claim, 3- if multiple defendants are named,
28 include only related events (Rule 20), and 4- under each claim, include only defendants you

7

1    believe are in violation of that claim and describe in sufficient detail what each individually

2    named defendant did, or did not do, which you believe makes that individual defendant

3    responsible for a violation of that specific claim.

4    An amended complaint must also contain a caption including the names of all

5    defendants.  Fed. R. Civ. P. 10(a).  **Plaintiff is instructed that he may <u>not</u> change the nature**

6    **of this suit by alleging new, unrelated claims to newly added defendants.**  See George, 507

7    F.3d at 607.  **Nor may he add allegations of events occurring after the initiation of the**

8    **original complaint on April 22, 2021**.

9    Any amended complaint must be written or typed so that it is complete in itself without

10   reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009).  This is because an

11   amended complaint supersedes any earlier filed complaint, and once an amended complaint is

12   filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375

13   F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being

14   treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693

15   F.3d 896 (2012).

16   Plaintiff is warned that when amending the complaint, he must make certain it also

17   complies with Rules 8(a)(2) and (d)(1).  As mentioned above, to assist Plaintiff in this regard,

18   the Clerk of Court will be directed to send Plaintiff a copy of the Court's civil rights form.  It is

19   suggested that Plaintiff **only use the space provided on the form** to state his substantive claims.

20   Plaintiff is free, however, to provide a reasonable number of exhibits to support those claims.

21   It should be noted that the Court is not required to review exhibits attached to the

22   amended complaint when determining what Plaintiff's claims are with respect to each

23   Defendant.  Indeed, **Plaintiff's claims should be clearly stated on the form itself.  The Court**

24   **will not review any of Plaintiff's past supplements or pleadings in order to determine the**

25   **substance of Plaintiff's claims.**  Again, when Plaintiff files his amended complaint, it should be

26   a complete pleading in and unto itself.  See L.R. 220 (E.D. Cal. 2009).

27   VII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

28   It seems clear from your lodged 2AC and the motion that accompanied it, that you wish to

add additional defendants to your complaint.  You are reminded that you cannot add unrelated claims against different defendants.

When the Court screened your **original** complaint, you were instructed that any amended complaint that you filed could not add new defendants for unrelated claims, nor add allegations of events that occurred after April 22, 2021.  The same is true for any new amended complaint that you file.  Should you not follow this directive, the Court will likely recommend that this matter be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of this Court's Civil Rights Complaint by a Prisoner form;

2. Plaintiff's first amended complaint fails to state a claim for relief, and it cannot be served. See 28 U.S.C. 1915A(b)(1), and

3. Within thirty days from the date of this order, Plaintiff shall file an amended complaint.

**Plaintiff is cautioned that failure to comply with the directives in this order and/or to file the amended complaint within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: __October 17, 2024__              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE