UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　　Defendant. | No.  1:21-cv-00724 KES GSA (PC)<br><br>ORDER ACKNOWLEDGING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF THIS MATTER<br><br>(See ECF No. 40)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE THIS CASE, CONSISTENT WITH PLAINTIFF'S NOTICE<br><br>Fed. R. Civ. P. 41(a)(1)(A)(i) |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On October 30, 2024, a motion Plaintiff filed requesting that this matter be voluntarily dismissed was docketed.[1]  ECF No. 40.  The Court construes Plaintiff's filing as a notice to voluntarily dismiss this matter.[2]  For the reasons stated below, the Court will acknowledge

---

[1] In support of Plaintiff's choice to voluntarily dismiss this case, he cites to Federal Rule of Civil Procedure 41(a)(2). ECF No. 40 at 1. However, given the current stage of these proceedings, Federal Rule of Civil Procedure 41(a)(1)(A)(i) is the applicable part of the Rule in this case.

[2] The Clerk of Court will be directed to edit the description on the docket of Plaintiff's filing at ECF No. 40 so that it reflects this description.

1

Plaintiff's notice and consistent with it the Court will direct the Clerk of Court to close this case.

## I.   RELEVANT FACTS

On October 17, 2024, the Court screened Plaintiff's first amended complaint and determined that it failed to state a claim upon which relief could be granted. ECF No. 39 at 9. As a result, Plaintiff was ordered to file an amended complaint, and he was given thirty days to do so. Id.

Instead of filing an amended complaint, Plaintiff filed the instant notice of voluntary dismissal which was docketed on October 30, 2024. ECF No. 40. In support of Plaintiff's notice, Plaintiff generally states that he has no attorney; that he needs to conduct expert discovery, and that he does not have the funds to hire either an attorney or said experts. Id. He also requests that the matter be "dismiss[ed] without prejudice." Id. (brackets added).

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss a case without a court order if an opposing party has not yet served an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). Given that a viable complaint has yet to be filed and served, Plaintiff has the option of voluntarily dismissing this matter. Therefore, the Court acknowledges Plaintiff's notice to voluntarily dismiss this matter, and consistent with it, the Court will direct that the Clerk of Court close this case.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall edit the description of the entry at ECF No. 40 on the docket to read: "Notice of Voluntary Dismissal (Motion for Withdrawal of Complaint Without Prejudice Per Federal Rule of Civil Procedure 41(a)(2))";

2. The Court herein ACKNOWLEDGES Plaintiff's notice of voluntary dismissal (ECF No. 40). See Fed. R. Civ. P. 41(a)(1)(A)(i), and

---

[3] Plaintiff is informed that the voluntary dismissal of a complaint after a finding that it fails to state a claim upon which relief may be granted likely constitutes a strike within the meaning of 28 U.S.C. § 1915(g). See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.").

3. Consistent with Plaintiff's notice of voluntary dismissal (ECF No. 40), the Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated: __**October 31, 2024**__             _____**/s/ Gary S. Austin**_____
                                                                       UNITED STATES MAGISTRATE JUDGE